UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GLORIA ALLISON | CIVIL ACTION |
| VERSUS | NO. 23-3567 |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | SECTION M (3) |

## ORDER & REASONS

Before the Court is a motion for summary judgment filed by defendant Allstate Vehicle and Property Insurance Company ("Allstate").[1] The motion is set for submission on August 22, 2024.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance August 14, 2024. Plaintiff Gloria Allison, who is represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 19.

[2] R. Doc. 19-4.

[3] This is an insurance coverage dispute arising out of damage to Allison's property allegedly sustained during Hurricane Ida. Allison alleges that her property was covered by an insurance policy issued by Allstate at the time of the hurricane, but that Allstate has failed to pay for the damages. R. Doc. 1 at 2-3. Allison also asserts a claim against Allstate for breach of contract and seeks penalties and attorney's fees under La. R.S. 22:1892 and 22:1973. *Id.* at 6-7. In the instant motion, Allstate argues that it is entitled to summary judgment dismissing Allison's claims because the claims are excluded under the policy's unambiguous windstorm and hail exclusion. R. Doc. 19-1 at 1-6. In support of its argument, Allstate attaches a copy of the policy, including the exclusion, and cites cases that have dismissed such claims due to similarly worded windstorm exclusions. *Id.* at 5 (citing *Cindass v. Allstate Ins. Co.*, 2007 WL 3172111, at *2 (E.D. La. Oct. 29, 2007); *McGuire v. Am. S. Home Ins. Co.*, 969 So. 2d 681, 685 (La. App. 2007)); *see also Pierce v. Allstate Ins. Co.*, 542 F. Supp. 2d 495, 498-99 (E.D. La. 2008) (holding that plaintiff's policy clearly and unambiguously excluded damages to plaintiff's property resulting from a windstorm). The exclusion here, titled "Windstorm And Hail Exclusion," states in relevant part that "In Losses We Do Not Cover Under Coverages A and B, under paragraph A, the following item is added: Windstorm or Hail." R. Doc. 19-3 at 53. Under Louisiana law, an insurance policy, like any other contract, is construed according to the general rules of contract interpretation set forth in the Louisiana Civil Code. *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256-57 (5th Cir. 2022) (citing *Supreme Servs. & Specialty Co. v. Sonny Greer, Inc.*, 958 So. 2d 634, 638 (La. 2007)). "Courts must first consider the parties' intent by examining the words of the policy." *Id.* at 257 (citing *Sims v. Mulhearn Funeral Home, Inc.*, 956 So. 2d 583, 589 (La. 2007); La. Civ. Code arts. 2045-2046). In examining the terms of the policy, "'words and phrases in an insurance policy are to be construed using their plain, ordinary and generally

IT IS ORDERED that Allstate's motion for summary judgment (R. Doc. 19) is GRANTED.

IT IS FURTHER ORDERED that plaintiff Gloria Allison's claims against defendant Allstate Vehicle and Property Insurance Company are dismissed with prejudice, with each party to bear its own costs.

New Orleans, Louisiana, this 16th day of August, 2024.

                                                  BARRY W. ASHE
                                                  UNITED STATES DISTRICT JUDGE

---

prevailing meaning, unless the words have acquired a technical meaning, in which case the words must be ascribed their technical meaning.'" *Id.* (quoting *Sims*, 956 So. 2d at 589). "'When the words of an insurance contract are clear and unambiguous and lead to no absurd consequences, courts must enforce the contract as written and may make no further interpretation in search of the parties' intent.'" *Id.* (quoting *Gorman v. City of Opelousas*, 148 So. 3d 888, 982 (La. 2014)). Here, the unambiguous policy terms exclude damage caused by windstorms. The entry of summary judgment is appropriate when a moving party demonstrates that there are no genuine issues of material fact and the nonmoving party fails to articulate specific facts showing a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). Allstate has sustained its burden on its motion, which Allison has failed to refute. Therefore, granting summary judgment in Allstate's favor is appropriate.